IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
RHONDA OZUNA, on behalf of            Civ. No. 07-1097-AA
J. OZUNA, a minor,

         Plaintiff,                   OPINION AND ORDER

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

         Defendant.
```

Rory Linerud
P.O. Box 1105
Salem, OR  97308
     Attorney for plaintiff

Karen J. Immergut
United States Attorney
District of Oregon
Britannia I. Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

1 - OPINION AND ORDER

Thomas M. Elsberry
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, Washington 98104-7075
    Attorneys for defendant

AIKEN, Judge:

On behalf of J. Ozuna, a minor, plaintiff seeks judicial review of the Social Security Commissioner's final decision denying his application for childhood supplemental security income (SSI) benefits under Title XVI of the Social Security Act (the Act). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). The Commissioner's decision is affirmed.

## BACKGROUND

On May 26, 2004, an application for SSI benefits was protectively filed on behalf of Ozuna. Tr. 14, 46-48. His application was denied initially and on reconsideration. Tr. 30, 34-37. After timely requesting a hearing, Ozuna and plaintiff testified before an administrative law judge (ALJ) on October 5, 2006. Tr. 28, 232-242. On December 21, 2006, the ALJ issued a decision finding Ozuna not disabled within the meaning of the Act. Tr. 11-24. On May 25, 2007, the Appeals Council denied Ozuna's request for review, rendering the ALJ's decision the final decision of the Commissioner. Tr. 6-9. Plaintiff now seeks judicial review.

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based

2 - OPINION AND ORDER

on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

## DISABILITY ANALYSIS

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). An individual under the age of 18 is eligible for childhood SSI benefits if he or she suffers from "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

The Commissioner uses a three-step sequential evaluation process to determine whether a claimant is eligible for Childhood

3 - OPINION AND ORDER

SSI. 20 C.F.R. § 416.924. At step one, the Commissioner must determine whether the claimant has engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). If not, the analysis proceeds to step two.

At step two, the Commissioner decides whether the claimant has a severe impairment. An severe impairment must be more than a "slight abnormality or a combination of slight abnormalities" and cause more than "minimal functional limitations." Id. § 416.924(c). If there is a finding of severe impairment, the analysis proceeds to step three.

At step three, the Commissioner determines whether the claimed impairments "meet, medically equal, or functionally equal" a listed impairment. Id. § 416.924(d); see also Merrill ex rel. Merrill v. Apfel, 224 F.3d 1083, 1085 (9th Cir. 2000). If this equivalency test is met and the statutory duration requirement is satisfied, the child will be found disabled. 20 C.F.R. § 416.924(d)(1).

To determine whether a child's impairments are functionally equivalent to a listed impairment, the Commissioner assesses the child's limitations in the following six domains: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for onself; and 6) health and physical well being. Id. § 416.926a(b)(1)(i)-(vi). If a child's impairments result in "marked" limitations in two domains or an

"extreme" limitation in one, the impairment functionally equals the listing and the child will be found disabled. Id. § 416.926a(d). A marked limitation is one that "interferes seriously with [a child's] ability to independently initiate, sustain or complete activities," while an extreme limitation is one that "interferes very seriously with [a child's] ability to independently sustain or complete activities." Id. § 416.926a(e)(2) and (3).

In this case, the ALJ found that Ozuna had not engaged in substantial gainful activity and had severe impairments of vesicoureteral reflux and dysuria. Tr. 17. However, the ALJ found that Ozuna's impairments did not meet or medically or functionally equal a listed impairment. Tr. 17. Accordingly, the ALJ found Ozuna not disabled under the Act.

### DISCUSSION

Plaintiff does not challenge the ALJ's finding that Ozuna was not disabled as of June 2005, when Ozuna underwent surgery that resolved his symptoms. Instead, plaintiff argues that the ALJ erred in failing to find Ozuna eligible for benefits during the closed period between March 1, 2003, the date of alleged onset, and June 2005, the date of his surgery. Plaintiff contends that the ALJ erred in finding that Ozuna's impairments did not cause marked limitations in his ability to care for himself and in his health and well-being during this time. Specifically, plaintiff argues that the ALJ failed to fully develop or consider the record for the

5 - OPINION AND ORDER

period prior to June 2005 and improperly determined Ozuna's functional capacity.

An ALJ has a duty to fully and fairly develop the record to assure that the claimant's interests are considered. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'" Id. (quoting Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996)). Plaintiff points to no inadequacy or ambiguity in the medical record that required further development or clarification. Rather, plaintiff argues that the ALJ failed to consider whether Ozuna was disabled for a closed period of time. Therefore, I do not find that the ALJ failed to develop the record.

Plaintiff also argues that the ALJ ignored evidence that supports a closed period of disability. However, plaintiff fails to cite evidence in the record showing that Ozuna suffered from marked limitations prior to June 2005. Instead, plaintiff relies on the ALJ's finding that Ozuna's health and well-being and his ability to care for himself improved after his surgery in June 2005. Plaintiff argues that the ALJ's finding of improvement and "less than marked" limitations after June 2005 necessarily establishes that such limitations were "marked" prior to June 2005. Again, however, plaintiff fails to cite any treatment record or

6 - OPINION AND ORDER

physician statement that describes marked limitations in Ozuna's health and well-being and ability to care for himself. Plaintiff provides no basis to support a finding of "marked" limitations prior to June 2005, and the ALJ's finding of improvement does not establish prior disability.

In fact, the ALJ discussed treatment records that reflect improvement in Ozuna's condition prior to 2005. The ALJ noted that treatment records documented improvement in Ozuna's dysfunctional voiding and dysuria in July 2003. Tr. 18, 155. Further, the ALJ remarked that Ozuna's physician noted "huge improvement" in Ozuna's reflux as of April 2004 and that his mild dysfunctional voiding was "almost back to normal." Tr. 18, 147, 151.

Moreover, no treatment record reflects marked limitations in Ozuna's functioning. For example, Ozuna's teacher asserted only mild limitations in his ability to follow rules, make friends, express anger, complete work without distraction, and utilize appropriate coping skills. Tr. 87, 90. Ozuna's teacher also noted that Ozuna's math and reading skills were above grade level. Tr. 85. While plaintiff testified that Ozuna has trouble with anger management, depression, and attention deficits, Tr. 238-39, the ALJ discounted her testimony, based on treatment records suggesting secondary motives on her part. Tr, 18. 143, 148. This credibility finding is specific, clear and convincing, and supported by the record, particularly in light of Ozuna's statements to the

7 - OPINION AND ORDER

contrary. Tr. 235-37; Smolen, 80 F.3d at 1284. Regardless, plaintiff's testimony does not suggest or establish marked limitations in Ozuna's functioning. Tr. 238-41.

In sum, I find that the ALJ did not ignore evidence regarding Ozuna's condition and limitations prior to 2005 and properly assessed Ozuna's functional capacity.

## CONCLUSION

Substantial evidence in the record supports the ALJ's findings and conclusion that Ozuna was not disabled under the Act at any time during the period of alleged disability. Therefore, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

Dated this  21  day of July, 2008.


                    /s/ Ann Aiken
                      Ann Aiken
           United States District Judge

8 - OPINION AND ORDER